


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED APR 9 2007 SDF
DENNIS P. IAVARONE, CLERK US DISTRICT COURT, EDNC BY DEP CLK

NO. 5:07-CR-34-F

UNITED STATES OF AMERICA )
)
v. ) MEMORANDUM OF PLEA AGREEMENT
)
DAPHNEY MARIE FAIRCLOTH )

The United States of America ("Government"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, DAPHNEY MARIE FAIRCLOTH, with the concurrence of the Defendant's attorney, Carl Ivarrson, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein.

2. The Defendant agrees:

a. To waive indictment and plead guilty to Counts One and Two of the Criminal Information filed herein.

b. To make restitution to any victim, including any victim with respect to a Count dismissed as part of the agreement, in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately. Said restitution shall include

payment to the Department of Veterans Affair in the amount of $1,042.00.

c. To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence of imprisonment in excess of the advisory Guideline range, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The Defendant acknowledges that the advisory Guideline sentence mentioned above is not a promise of any particular sentence and is <u>not</u> binding on the Court. The Defendant agrees that should the sentence imposed exceed the advisory Guideline range, this would not affect the validity of the guilty plea, but merely would allow the Defendant to appeal a sentence in excess of the applicable advisory Guideline range. The foregoing appeal

waiver does not constitute a waiver by the United States of any of its rights to appeal provided by law.

d. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e. To assist the Government in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the Defendant has any interest or control.

f. To pay a special assessment of $100.00 for each felony count of conviction and $25.00 for each Class A misdemeanor count of conviction, pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant prior to the return of the signed Plea Agreement to the United States Attorney's Office. The Defendant or Defendant's counsel shall mail a check in payment

of the assessment directly to the Clerk, United States District Court, Eastern North Carolina. Counsel shall provide a copy of the check or money order with the signed Plea Agreement to the United States Attorney certifying compliance with this provision.

g. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

3. The Defendant understands:

a. That as to the Counts of the Criminal Information to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

**COUNT ONE**

(1) Charge: Conversion of Federal Property

(2) Offense date: January 2004 through January 2005

(3)

(3) Code sections violated: 18 U.S.C. §641

(4) Elements:

First: The Defendant did embezzle, steal, purloin, and knowing convert to his use and the use of another;

Second: things of value of the United States and a department and an agency thereof; and

Third: the value of which exceeded the sum of $1000.

(5) Maximum term of imprisonment: 10 years

(6) Minimum term of imprisonment: 0 year

(7) Maximum term of supervised release: 3 years

(8) Maximum term of imprisonment upon revocation of supervised release: 2 years

(9) Maximum fine: $250,000.00.

(10) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(11) Special assessment: $100.00.

(12) Other penalties: Forfeiture.

**COUNT TWO**

(1) Charge: Simple Possession of a Controlled Substance

(2) Offense date: January 2004 through January 2005

(3) Code sections violated: 21 U.S.C. § 844(a)

(4) Elements:

First: The defendant did possess hydromorphone, a narcotic controlled substance;

Second: At the time, the defendant knew that it was a controlled substance; and

Third: The defendant did not have a lawful prescription to possess the controlled substance.

Penalties with No Prior Drug Conviction

(5) Maximum term of imprisonment: 1 year

(6) Minimum term of imprisonment: 0 year

(7) Maximum term of supervised release: 1 year

(8) Maximum term of imprisonment upon revocation of supervised release: 1 year

(9) Maximum fine: $100,000.00

(10) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(11) Special assessment: $25.00.

(12) Other penalties: Forfeiture.

Penalties with a Prior Drug Conviction

(5) Maximum term of imprisonment: 2 years

(6) Minimum term of imprisonment: 15 days

(7) Maximum term of supervised release: 1 year

(8) Maximum term of imprisonment upon revocation of supervised release: 1 year

(9) Maximum fine: $250,000.00

(10) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(11) Special assessment: $100.00.

(12) Other penalties: Forfeiture.

Penalties with Two Prior Drug Convictions

(5) Maximum term of imprisonment: 3 years

(6) Minimum term of imprisonment: 90 days

(7) Maximum term of supervised release: 1 year

(8) Maximum term of imprisonment upon revocation of supervised release: 1 year

(9) Maximum fine: $250,000.00

(10) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) above.

(11) Special assessment: $100.00.

(12) Other penalties: Forfeiture.

b. That any sentence imposed will be without parole.

c. That the Court will take into account, but is not bound by, the applicable Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is a prediction not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

d. That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4. The Government agrees:

a. That it will recommend the low-end of the guideline range, including probation, if applicable.

b. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any

motions filed by the Defendant.

c. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Criminal Information; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

5. The parties agree to the following positions as to sentencing factors, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its position as to those factors:

a. A downward adjustment of 2 levels for acceptance of responsibility is warranted under USSG §3E1.1 (a), and an additional 1 level downward adjustment may be appropriate at the time of sentencing.

b. The Defendant abused a position of trust. USSG §3B1.3.

c. The loss exceeded $1,000. USSG §2B1.1.

(SPACE LEFT BLANK INTENTIONALLY)

d. The amount of drugs possessed exceeded 1500 mg of hydromorphone.

This the 5th day of February, 2007.

GEORGE E. B. HOLDING
United States Attorney

BY: BANUMATHI RANGARAJAN
Assistant United States Attorney
Criminal Division

DAPHNEY MARIE FAIRCLOTH
Defendant

CARL IVARRSON
Attorney for the Defendant

APPROVED, this 9t day of April, 2006.

United States District Judge